**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RICHARD H.,

        Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant.

Case No. 25-CV-1385 (NEB/EMB)

ORDER ON
REPORT AND
RECOMMENDATION

---

Plaintiff Richard H. seeks judicial review of an Administrative Law Judge's decision to deny his application for disability insurance benefits. In a Report and Recommendation, United States Magistrate Judge Elsa M. Bullard recommends dismissing Richard's complaint. (ECF No. 19 ("R&R").) Richard objects. (ECF No. 20.)

Because Richard objects, the Court reviews the R&R de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). When reviewing an ALJ's decision to deny benefits, the Court's task is limited to reviewing the record for legal error and ensuring that the factual findings are supported by substantial evidence. *Hensley v. Barnhart*, 352 F.3d 353, 355 (8th Cir. 2003). Substantial evidence is enough evidence for a reasonable mind to find adequate support for the ALJ's conclusion. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). If after review, the Court finds that the record supports two

possible but inconsistent positions and one of those positions reflects the ALJ's findings, the Court must affirm the ALJ's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

The ALJ found that Richard could "tolerate occasional interaction with supervisors and coworkers, but is not able to perform tandem or coordinated tasks with coworkers." (Admin R. at 35.) Richard asserts that the ALJ's reference to "occasional" interactions is inconsistent with the opinion of doctors who believed he could have "only limited, superficial, and infrequent contact with supervisors." (*Id.* at 81; *see id.* at 89–90.) The ALJ found these opinions persuasive. (*Id.* at 43.) Richard claims that the ALJ's omission of "superficial" is grounds to reverse the ALJ's decision.

Judge Bullard concluded that the ALJ's findings are consistent with the medical opinions and record evidence. As Judge Bullard explained, the Eighth Circuit has repeatedly rejected similar attempts to nitpick ALJ's decisions. (R&R at 12 (citing *Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (per curiam); *McKinney v. O'Malley*, No. 23-3220, 2024 WL 1327965, at *1 (8th Cir. Mar. 28, 2024) (per curiam)).)

In his objection, Richard fails to engage with this caselaw. Instead—without citing legal support—he merely repeats his argument that the ALJ's opinion conflicts with the medical opinions by failing to include a limitation on the quality of interactions with supervisors. But an ALJ is "not required to adopt the exact limitations set forth in the

opinions she found persuasive." *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam); *see Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022). In *Lane*, the Eighth Circuit rejected a claimants attempt to "manufacture[] inconsistency" between the ALJ's finding of occasional interaction and the medical opinion of "superficial" interactions. *Lane*, 2024 WL 302395, at *1 ("We decline to nitpick [the ALJ's] well-reasoned decision."). So too here.

Based on the record before the Court and the unrefuted Eighth Circuit caselaw, the Court concludes that the ALJ's decision is supported by substantial evidence. The Court overrules the objection and accepts the R&R.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Richard's Objection to the Report and Recommendation (ECF No. 20) is OVERRULED;

2.    The Report and Recommendation (ECF No. 19) is ACCEPTED;

3.    Plaintiff's requested relief (ECF No. 10) is DENIED; and

4.    The Complaint (ECF No. 1) is DISMISSED with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 3, 2026                          BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge